# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JAMIE SIMMONS #301556** | **CIVIL ACTION** |
| **versus** | **NO. 09-4156** |
| **BURL CAIN, WARDEN** | **SECTION: "F" (1)** |

## REPORT AND RECOMMENDATION

This matter was referred to this United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts. Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing. See 28 U.S.C. § 2254(e)(2). Therefore, for all of the following reasons, **IT IS RECOMMENDED** that the petition be **DISMISSED WITH PREJUDICE**.

Petitioner, Jamie Simmons, is a state prisoner incarcerated at the Louisiana State Penitentiary, Angola, Louisiana. On December 10, 2002, he was convicted of two counts of armed robbery in violation of Louisiana law.[1] On December 19, 2002, he was sentenced on each count to a term of twenty years imprisonment. It was ordered that those sentences be served concurrently

---

[1] State Rec., Vol. I of V, minute entry dated December 10, 2002; State Rec., Vol. III of V, jury verdict forms.

and without benefit of parole, probation, or suspension of sentence.[2] On February 13, 2003, petitioner was found to be a third offender and was resentenced as such on the second conviction to a term of life imprisonment without benefit of parole, probation, or suspension of sentence. It was ordered that the life sentence be served concurrently with his other twenty-year sentence.[3] On May 26, 2004, the Louisiana Fifth Circuit Court of Appeal affirmed those convictions and sentences.[4] On November 19, 2004, the Louisiana Supreme Court then denied petitioner's related writ application.[5]

On November 13, 2006, petitioner filed with the state district court an application for post-conviction relief.[6] That application was denied on March 29, 2007.[7] Petitioner's related writ

---

[2] State Rec., Vol. III of V, transcript of December 19, 2002, p. 4; State Rec., Vol. I of V, minute entry dated December 19, 2002.

[3] State Rec., Vol. IV of V, transcript of February 13, 2003, p. 15; State Rec., Vol. I of V, minute entries dated February 13, 2003.

[4] State v. Simmons, 875 So.2d 1018 (La. App. 5th Cir. 2004) (No. 03-KA-1458); State Rec., Vol. II of V.

[5] State v. Simmons, 888 So.2d 194 (La. 2004) (No. 2004-KO-1702); State Rec., Vol. II of V.

[6] State Rec., Vol. II of V. The United States Fifth Circuit Court of Appeals has held that federal *habeas* courts must apply Louisiana's "mailbox rule" when determining the filing date of a state court filing, and so such a document is considered "filed" as of the moment the prisoner "placed it in the prison mail system." Causey v. Cain, 450 F.3d 601, 607 (5th Cir. 2006). The affidavit accompanying petitioner's post-conviction application was signed November 13, 2006; therefore, that is the earliest date the application could have been given to prison officials for mailing and considered "filed."

[7] State Rec., Vol. II of V, Order dated March 29, 2007.

applications were likewise denied by the Louisiana Fifth Circuit Court of Appeal on May 23, 2008,[8] and the Louisiana Supreme Court on April 13, 2009.[9]

On June 17, 2009, petitioner filed the instant federal application for *habeas corpus* relief. In support of his application, he asserts the following claims:

    1.    The trial court erred in failing to sever the counts of the bill of information;

    2.    Petitioner's sentence is excessive;

    3.    The jury charges were defective;

    4.    Petitioner received ineffective assistance of counsel; and

    5.    The trial court erred in adjudicating petitioner a third felony offender when the state failed to produce sufficient proof of the predicate offenses.

The state contends that petitioner's federal application is untimely.[10] The state is correct.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") generally requires that a petitioner bring his Section 2254 claims within one (1) year of the date on which his

---

[8] State *ex rel.* Simmons v. Cain, No. 08-KH-414 (La. App. 5th Cir. May 23, 2008) (unpublished); State Rec., Vol. II of V.

[9] State *ex rel.* Simmons v. State, 5 So.3d 155 (La. 2009) (No. 2008-KH-1443); State Rec., Vol. V of V.

[10] Rec. Doc. 9.

underlying criminal judgment becomes "final." Under the AEDPA, a judgment is considered "final" upon the expiration of time for seeking direct review. 28 U.S.C. § 2244(d)(1)(A).[11]

As noted, the Louisiana Supreme Court denied petitioner's writ application on direct review on November 19, 2004. Therefore, under § 2244(d)(1)(A), his convictions became "final" no later than February 17, 2005, when his period expired for seeking a writ of certiorari from the United States Supreme Court. See Roberts v. Cockrell, 319 F.3d 690, 694 (5th Cir. 2003); Ott v. Johnson, 192 F.3d 510, 513 (5th Cir. 1999); Chester v. Cain, Civ. Action No. 01-1958, 2001 WL 1231660, at *3-4 (E.D. La. Oct. 15, 2001); see also U.S. Sup. Ct. R. 13(1). Accordingly, petitioner's one-year period for seeking federal *habeas corpus* relief commenced on that date and expired on February 17, 2006, unless that deadline was extended by tolling.

The Court first considers statutory tolling. The AEDPA provides that the statute of limitations is tolled for the period of time during which a properly filed application for state post-conviction relief or other collateral review attacking a conviction or sentence is pending in state court. 28 U.S.C. § 2244(d)(2). However, petitioner had no such state applications pending at any

---

[11] Although § 2244(d)(1) has alternative provisions providing for other events which can trigger the commencement of the statute of limitations, those alternative provisions are not applicable in the instant case.

time during the period from February 17, 2005, through February 17, 2006.[12] Accordingly, he clearly is not entitled to statutory tolling.

The Court notes that the United States Fifth Circuit Court of Appeals has held that the AEDPA's statute of limitations can, in rare and exceptional circumstances, also be equitably tolled. See Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998). However, "[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999) (internal quotes and citations omitted). Petitioner bears the burden of proof to establish entitlement to equitable tolling. Alexander v. Cockrell, 294 F.3d 626, 629 (5th Cir. 2002). Petitioner has brought forth no evidence demonstrating that he is entitled to such tolling, and this Court knows of no reason that would support equitable tolling of the statute of limitations in this case.

Because petitioner is entitled to neither statutory tolling nor equitable tolling, his federal application for *habeas corpus* relief had to be filed on or before February 17, 2006, in order to be timely. His federal application was not filed until June 17, 2009,[13] and it is therefore untimely.

---

[12] The Court also notes that petitioner filed a state post-conviction application on November 13, 2006. However, state applications filed *after* the expiration of the federal statute of limitations have no bearing on the timeliness of a *habeas* petitioner's federal application. See Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000); Magee v. Cain, Civ. Action No. 99-3867, 2000 WL 1023423, at *4, aff'd, 253 F.3d 702 (5th Cir. 2001); Williams v. Cain, Civ. Action No. 00-536, 2000 WL 863132, at *2 (E.D. La. June 27, 2000).

[13] "A prisoner's habeas application is considered 'filed' when delivered to the prison authorities for mailing to the district court." Roberts v. Cockrell, 319 F.3d 690, 691 n.2 (5th Cir. 2003). Petitioner signed his federal application on June 17, 2009, which is the earliest date he could have presented it to prison officials for mailing.

**RECOMMENDATION**

Accordingly, **IT IS RECOMMENDED** that the petition for federal *habeas corpus* relief filed by Jamie Simmons be **DISMISSED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this seventeenth day of November, 2009.

**SALLY SHUSHAN**
**UNITED STATES MAGISTRATE JUDGE**